95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victoria J. DEARDORFF, Plaintiff-Appellant,
v.
LUMMI INDIAN NATION; Henry Cagey; Randy Kinley; Larry
Priest; William Jones; Verne Johnson, Sr.; Merle
Jefferson; Richard Jefferson; Edward Jones; Angelo
Jefferson; Dean Williams, individually and as members of
the Business Council, Defendants-Appellees.
 No. 95-35735.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1996.*
Decided Aug. 8, 1996.
 
 Before: WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Deardorff contends that the district court erred when it dismissed her case for failure to exhaust her tribal remedies. We affirm based on the district court's lack of subject matter jurisdiction.
 
 
 3
 * Deardorff, an enrolled member of the Lummi Indian Nation and elected member of the Lummi Indian Business Council (LIBC), was charged with criminal assault and disturbing the peace because of an allegedly drunken assault on two fellow employees. The LIBC held a closed hearing on these charges, with Deardorff in attendance, to determine whether sanctions should be imposed against her. The council asked her to apologize and to undergo anger and alcohol counseling. She was removed from the Council's Law and Order Committee pending the criminal prosecution, but allowed to retain her elected position.
 
 
 4
 She sued the LIBC and its members in tribal court, alleging violations of her civil rights and asking for $3.3 million in damages. The court dismissed the action based on legislative immunity.[1] Deardorff did not appeal to the tribal appellate court. Instead, she brought a similar action in federal district court. That court dismissed for failure to exhaust tribal remedies.
 
 II
 
 5
 We must first determine whether the district court had subject matter jurisdiction. "If the district court did not have subject matter jurisdiction, it lacked the power to enter an abstention order...." Stock West Corp. v. Taylor, 964 F.2d 912, 917 (9th Cir.1992) (en banc). We review de novo subject matter jurisdiction determinations. Id.
 
 
 6
 Deardorff, without any explanation, asserts jurisdiction pursuant to the federal question and civil rights statutes. See 28 U.S.C. §§ 1331, 1343.[2] She alleges violations of the Indian Civil Rights Act (ICRA) of 1968, 26 U.S.C. § 1301, the United States Constitution, the Lummi Constitution and the Lummi/United States Compact. None of these gives jurisdiction.
 
 A. ICRA
 
 7
 As the district court noted, Deardorff's jurisdictional claims "must rise and fall on the issue of federal question jurisdiction over her Indian Civil Rights Act claims." The ICRA provides no federal cause of action in civil cases, except for habeas corpus. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59 (1978); R.J. Williams Co. v. Fort Belknap Housing Auth., 719 F.2d 979, 981 (9th Cir.1983) ("[W]e have recognized that the Santa Clara Pueblo holding 'foreclose[s] any reading of the [Act] as authority for bringing civil actions in federal court....' ") (citation omitted), cert. denied, 472 U.S. 1016 (1985).
 
 
 8
 Deardorff argues that Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes, 623 F.2d 682, 685 (10th Cir.1980), cert. denied, 449 U.S. 1118 (1981), creates an exception to Santa Clara Pueblo that allows federal courts to decide ICRA-based cases where there is no available tribal court. Dry Creek is inapposite. Deardorff had a potential tribal remedy, but she chose not to pursue it. Moreover, any exception created by Dry Creek applies only where "the issue relates to a matter outside of internal tribal affairs and when it concerns an issue with a non-Indian." Id. (emphasis added). Deardorff's allegations involve Indians in an internal tribal dispute.[3]
 
 
 9
 There is no jurisdiction pursuant to the ICRA.
 
 B. Other Jurisdictional Arguments
 
 10
 Deardorff's other allegations, plainly subsidiary to her ICRA claims, also fail to provide jurisdiction. First, the Lummi Constitution and its bylaws do not "arise under" the United States Constitution or statutes and are insufficient to confer federal jurisdiction. "An ordinance enacted by a federally recognized Indian tribe is not itself a federal law; the mere fact that a claim is based upon a tribal ordinance consequently does not give rise to federal question jurisdiction." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1077 (9th Cir.1990); see also Runs After v. United States, 766 F.2d 347, 352 (8th Cir.1985) ("[Q]uestions of interpretation of the tribal constitution and tribal law [are] not within the jurisdiction of the district court.").
 
 
 11
 Second, Deardorff's allegations of constitutional violations do not create jurisdiction. Because Indian tribes are neither states nor part of the federal government, the Bill of Rights and the Fourteenth Amendment generally do not apply to them. "It is ... normally not possible for any person, Indian or non-Indian, to invoke the Bill of Rights or the Fourteenth Amendment against a tribe." William C. Canby, Jr., American Indian Law 241 (1988). See Santa Clara Pueblo, 436 U.S. at 56-57 ("[T]ribes have historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority."); Trans-Canada Enters. v. Muckleshoot Indian Tribe, 634 F.2d 474, 476-77 (9th Cir.1980) ("Constitutional guarantees, however, are not applicable to the exercise of governmental powers by an Indian tribe except to the extent that they are made explicitly binding by the Constitution or are imposed by Congress.").
 
 
 12
 Finally, Deardorff's attempt to create jurisdiction pursuant to 28 U.S.C. § 1343 for civil rights violations also fails. Subsections 1343(a)(1) and (2) provide federal jurisdiction for 42 U.S.C. § 1985 claims. Deardorff has not alleged any racial or class-based conspiracy. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) ("[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions."). Subsection 1343(a)(3) grants federal jurisdiction over actions based on deprivation of any right or privilege under color of state law. See 42 U.S.C. § 1983. However, "no action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law." R.J. Williams, 719 F.2d at 982 (emphasis added). Subsection 1343(a)(4) refers generally to other civil rights statutes, yet Deardorff has failed to allege any specific violations.
 
 
 13
 We conclude that the district court lacked subject matter jurisdiction.[4]
 
 III
 
 14
 Because the district court lacked subject matter jurisdiction, we affirm the district court's dismissal.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The tribal court also discussed the merits and found Deardorff's political retaliation theory unconvincing
 
 
 [2]
 In her complaint, Deardorff also alleged jurisdiction pursuant to 28 U.S.C. § 1367. She appears to have dropped this argument on appeal
 
 
 [3]
 In addition, the Tenth Circuit has limited Dry Creek to its facts. See Enterprise Management Consultants v. United States, 883 F.2d 890, 892 (10th Cir.1989) (limiting Dry Creek to its "highly unusual" facts); White v. Pueblo of San Juan, 728 F.2d 1307, 1312-13 (10th Cir.1984) (must interpret Dry Creek narrowly); Ramey Constr. Co. v. The Apache Tribe of the Mescalero Reservation, 673 F.2d 315, 319 n. 4 (10th Cir.1982) (limiting Dry Creek to its "egregious" facts)
 
 
 [4]
 Deardorff implies but does not argue in her opening brief that federal jurisdiction is based on the Lummi's Self-Governance Compact with the United States. Because she does not argue the issue, we deem it to have been abandoned. Fed.R.App.P. 28(a); Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 1996 WL 391774, * 12 (9th Cir.1996) (citing Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990), cert. denied, 499 U.S. 906 (1991); American Int'l. Enter. v. FDIC, 3 F.3d 1263, 1266 n. 5 (9th Cir.1993))